1
2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

3
4
5

CARIBBEAN MARINE & SUPPLIES,
INC.,

6
7

Plaintiff

8

v.                                                    CIVIL 10-1539 (PG) (JA)

9
10

FDIC, AS RECEIVER FOR
WESTERNBANK; INSURANCE
COMPANIES "A", "B" AND "C",

11

Defendants

12
13

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

14
15

The matter before me is the defendant's motion for summary judgment,

16
17

filed on December 3, 2010.  (Docket No. 31.)  The plaintiff filed its reply in

opposition to the defendant's motion for summary judgment on February 14,

18
19

2011.  (Docket No. 41.)  The defendant filed its surreply on March 7, 2011.

20

(Docket No. 46.)  For the reasons set forth below, I recommend that FDIC's

21

motion be DENIED.

22
23

PROCEDURAL HISTORY

24

Caribbean Marine & Supplies, Inc. ("Caribbean Marine") filed the present

25

action against Westernbank Puerto Rico "on or about August 28, 2009," in the

26

Puerto Rico Court of First Instance.  (Docket No. 1, at 1, ¶¶ 1, 3.)  The

27
28

Commissioner of Financial Institutions of the Commonwealth of Puerto Rico

CIVIL 10-1539 (PG) (JA)                    2

appointed the Federal Deposit Insurance Company ("FDIC") as receiver on April 30, 2010.  (Docket No. 1, at 1-2, ¶ 4.)  Upon FDIC's appointment as receiver, it assumed all the rights and liabilities of Westernbank.  (Docket No. 1, at 2, ¶ 5.) The FDIC timely filed its notice of removal to this court pursuant to 12 U.S.C. § 1819(b)(2)(B).  (Docket No. 1, at 2, ¶ 7.)

This case was referred to me on August 5, 2010 for "any pretrial matter pending before the court. . . . "  (Docket No. 12.)

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a)[1]; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010).  The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party,

_____

[1]"Rule 56 was amended, effective December 1, 2010.  The standard for granting summary judgment now appears in subsection (a), but remains substantively the same."  Del Toro Pacheco v. Pereira, --- F.3d. ----, 2011 WL 347131, at *3 n.6 (1st Cir. Jan. 31, 2011) (citing Fed. R. Civ. P. 56 advisory committee's note).

CIVIL 10-1539 (PG) (JA)                    3

with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)); Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Carrol v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996)) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.")

> An issue is "genuine" if the evidence of record permits a rationale factfinder to resolve it in favor of either party. See Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  A fact is "material" if its existence or nonexistence has the potential to change the outcome of the suit.  See Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995).

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5-6 (1st Cir. 2010).

The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

CIVIL 10-1539 (PG) (JA)                    4

U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000); Amira-Jabbar v. Travel Servs., Inc., 726 F. Supp. 2d 77, 84 (D.P.R. 2010).

PUERTO RICO LOCAL RULE 56

In the District of Puerto Rico, Local Rule 56(b), previously Local Rule 311(12), imposes additional requirements on the party filing for summary judgment as well as the party opposing the motion.  A motion for summary judgment has to be accompanied by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule."  Local Rules of the United States District Court for the District of Puerto Rico, Local Rule 56(b) (2009).  When filing a motion in opposition the opposing party must include a separate, short, and concise statement admitting, denying or qualifying each fact set out by the moving party.  Local Rules 56(a); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997); see also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001).

CIVIL 10-1539 (PG) (JA)                    5

These facts must be supported by specific reference to the record, thereby pointing out to the court any genuine issues of material fact and eliminating the problem of the court having "to ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210, 214-15 (D.P.R. 2001) (quoting Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983)); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp. 2d 161, 163 (D.P.R. 2000).  Any statement of fact provided by any party which is not supported by citation to the record may be disregarded by the court, and any supported statement which is not properly presented by the other party shall be deemed admitted.  See Local Rule 56(e).  Failure to comply with this rule may result, where appropriate, in judgment in favor of the opposing party.  Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33; Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d at 932.

ANALYSIS

I begin by considering the defendant's motion to strike several of the plaintiff's opposing statement of additional "uncontested material facts" as inadmissible hearsay.  (Docket No. 46-1.)  The defendant takes issue with facts 3, 5, 7, 9 & 10.  Since its arguments are substantially the same, I will  address them together.

CIVIL 10-1539 (PG) (JA)                        6

Plaintiff's Opposing Statement of Material Fact No. 3

> The commercial transactions for which plaintiff received payment, as stated in the above paragraphs, involved the sale of a total of 4 motorcycles indicated in paragraphs 3 and 4 of the Complaint.

(Docket No. 41, at 3, ¶ 3.)

Defendant's Response

> Statement No. 3 is denied.  It does not comply with Rule 56 (e) as it is inadmissible for the intended proposition. The cited portion of Plaintiff's Exhibit 2, (Statement of Benigno Herrero Estevánez) is self-serving hearsay that merely relies on allegations of the Plaintiff.

(Docket No. 46-1, at 2, ¶ 3.)

Plaintiff's Opposing Statement of Material Fact No. 5

> The persons who negotiated to the plaintiff the 2 managers checks above indicated, identified themselves to the plaintiff as Roberto Rivera Cotto and Joaquín Balaguer Padilla.

(Docket No. 41, at 3, ¶ 5.)

Defendant's Response

> Statement No. 5 is denied.  It does not comply with Rule 56(e). The cited portion of Plaintiff's Exhibit 2, Sworn Statement of Benigno Herrero Estevánez, is self-serving hearsay.  Moreover, it merely recites conclusory allegations, which are otherwise unsupported by admissible evidence.

(Docket No. 46-1, at 2-3, ¶ 5.)

Plaintiff's Opposing Statement of Material Fact No. 7

CIVIL 10-1539 (PG) (JA)                    7

>That the plaintiff accepted both manager's checks identified above in good faith and in the normal course of its business, without having any knowledge that the instruments were fraudulent, that they lacked authorized signatures and that they were stolen, as alleged by the defendant.

(Docket No. 41, at 3-4, ¶ 7.)

Defendant's Response

>Statement No. 7 is denied.  The documents accepted by the Plaintiff were not managers' checks issued by Westernbank.   (See FDIC-R's previously submitted Exhibit 2 and FDIC-R's previously submitted Exhibit 4.) Not only were they stolen, forged and not issued by any bank, but also the Plaintiff, who has the burden of proof, did not submit any evidence to support their contention. Therefore, the statement is conclusory and not in compliance with Rule 56(e).

(Docket 46-1, at 3, ¶ 7.)

Plaintiff's Opposing Statement of Material Fact No. 9

>That at the time the manager's checks were negotiated to the plaintiff, Mr. Benigno Herrero Estevánez, Caribbean Marine's president, called Westernbank to inquire whether the manager's checks in question were "good" but Westernbank refused to provide information pertaining to the same, claiming that the information requested was privileged and that plaintiff should proceed to deposit the checks, which plaintiff did.

(Docket No. 41, at 4, ¶ 9.)

Defendant's Response

>Statement No. 9 is denied.  It does not comply with Rule 56(e).   The affidavit cited (Plaintiff's Exhibit 2, Sworn

CIVIL 10-1539 (PG) (JA)                     8

        Statement of Benigno Herrero Estevánez) is self-serving
        hearsay that merely relies on allegations of the Plaintiff.

(Docket No. 46-1, at 4, ¶ 9.)

Plaintiff's Opposing Statement of Material Fact No. 10

        That prior to November 14 and November 17, 2008, the
        plaintiff never saw published in a newspaper of general
        circulation in Puerto Rico, a notice by Westernbank
        notifying the theft of the manager's checks at issue in this
        case.

(Docket No. 41, at 4, ¶ 10.)

Defendant's Response

        Statement No. 10 is denied.  It does not comply with Rule
        56(e).  The affidavit cited (Plaintiff's Exhibit 2, Sworn
        Statement of Benigno Herrero Estevánez) is self-serving
        hearsay that merely relies on unsupported allegations of
        the Plaintiff.

(Docket No. 46-1, at 4, ¶ 10.)

"It is black-letter law that hearsay evidence cannot be considered on

summary judgment." Dávila v. Corporación de P.P. para la Difusión Pública, 498

F.3d 9, 17 (1st Cir. 2007) (citing Vázquez v. López-Rosario, 134 F.3d 28, 33 (1st

Cir. 1998)).  In the case of affidavits, Rule 56(c)(4)[2] provides that "[a]n affidavit

or declaration used to support or oppose a motion must be made on personal

knowledge, set out facts that would be admissible in evidence, and show that the

affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P.

_____

    [2]Formerly Fed. R. Civ. P. 56(e)(1).

CIVIL 10-1539 (PG) (JA)                    9

56(c)(4).   This personal knowledge requirement is critical.   An expression premised upon a person claiming "to the best of my knowledge" is insufficient. López-Carrasquillo v. Rubianes, 230 F.3d at 414; Celta Agencies, Inc. v. Denizciliksanayi Ve Ticaaret, A.S., 396 F. Supp. 2d 106, 111 (D.P.R. 2005).  Nor will "conclusions, assumptions, or surmise[s]" suffice.  Pérez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001) (citing Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999)).

As stated, the affidavit must contain facts that would be admissible at trial. Conversely, "[e]vidence that is inadmissible at trial . . . may not be considered on summary judgment."  Vázquez v. López-Rosario, 134 F.3d at 33, quoted in Celta Agencies, Inc. v. Denizciliksanayi Ve Ticaaret, A.S., 396 F. Supp. 2d at 112.  Thus "in order to be admissible, the proffered statements must be specific and adequately 'supported with particularized factual information.'" Del Toro-Pacheco v. Pereira-Castillo, 662 F. Supp. 2d 202, 212 (D.P.R. 2009), aff'd, 633 F.3d 57 (1st Cir. 2011), (quoting Celta Agencies, Inc. v. Denizciliksanayi Ve Ticaaret, A.S., 396 F. Supp. 2d at 111 (quoting Pérez v. Volvo Car Corp., 247 F.3d at 316)).

The defendant submits that the contested statements of material fact are inadmissible.   Every objection contains the statement that the fact is "self serving," which renders it inadmissible for summary judgment purposes.  This argument fails, as "a party can rely on . . . self-serving affidavits containing

CIVIL 10-1539 (PG) (JA)                    10

relevant information to oppose a motion for summary judgment." Del Toro-Pacheco v. Pereira-Castillo, 662 F. Supp. 2d at 212 (quoting Rivera-Santiago v. Abbot Pharm. P.R., 609 F. Supp. 2d 167, 174 (D.P.R. 2009) (citing Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53)).  A party must premise its self-serving affidavit on personal knowledge, however.  Id.  Therefore, so long as Caribbean Marine avers relevant information that is based upon personal knowledge, it will survive the motions to strike.

     With this framework in mind, I recommend that the court find the objections to facts 3 and 5 fail, as FDIC fails to provide how these statements are self-serving hearsay.  Benigno Herrero Estevánez claims in her sworn statement that "[he] was the person who on behalf of the plaintiff intervened in the two sales that are described in the complaint . . . . " (Docket No. 43-2, at 1, ¶ 2.)  Caribbean Marine has met its burden in providing relevant information based upon personal knowledge.  The sale of four motorcycles is a readily provable fact.  FDIC has done nothing to refute this information.  Moreover, FDIC has provided nothing more than to baldly contest these facts.  Therefore, I recommend that FDIC's motion to strike facts 3 and 5 be DENIED.

     I recommend that the court deny FDIC's motion to strike facts 7 and 9 for the same reason.  The facts pleaded in plaintiff's sworn statement contain sufficient specificity to support the reply in opposition to the motion for summary

CIVIL 10-1539 (PG) (JA)                    11

judgment.  Caribbean Marine immediately contacted the Puerto Rico Police upon

learning that Westernbank refused to honor the checks.  (Docket No. 43-2, at 2,

¶ 4.)  Caribbean Marine called the bank in an attempt to ascertain the check's

validity.  (Docket No. 43-2, at 3, ¶ 7.)  And Caribbean Marine filed a report to the

police on the matter.  (Docket No. 43-2, at 2, ¶ 4.)

   I recommend that the court strike fact 10, as there is no substantiation for

the contained assertion.  Nowhere in the referenced affidavit are the two articles

alluded to.  Furthermore, there is no personal knowledge of the statement.  For

those reasons, I recommend that the court grant FDIC's motion to strike fact 10.

UNCONTESTED FACTS

   1.    A break-in occurred at Westernbank Puerto Rico's Expresso 214

branch in Río Piedras, on July 21, 2008.  (Docket No. 31-1, at 1, ¶ 1.)

   2.    During this break-in, several managers checks were stolen.  (Docket

No. 31-1, at 2, ¶ 2; Docket No. 41, at 1, ¶ 2.)

   3.    Police report number 2008-1-262-4990 was filed as to this incident.

(Docket No. 31-1, at 2, ¶ 3; Docket No. 41, at 1-2, ¶ 3; [Exhibit 4].)

   4.    The Puerto Rico Police Department recovered the chest.  (Docket No.

31-1, at 2, ¶ 4.)

   5.    Four managers checks weren't recovered in the chest on July 30,

2008.  (Docket No. 31-1, at 2, ¶ 5.)

CIVIL 10-1539 (PG) (JA)                    12

6.    The plaintiff received payment in the form of a check on November 14, 2008 at its Caribbean Marine & Supplies store, in the amount of $28,515.  The check number matched that of one of the stolen checks

7.    The plaintiff received payment in the form of a check on November 14, 2008 at its Caribbean Marine & Supplies store, in the amount of $24,672.  The check number matched that of one of the stolen checks.

8.    The persons negotiating the two notes whose check numbers matched those stolen from Westernbank identified themselves to the plaintiff as Roberto Rivera Cotto and Joaquín Balaguer Padilla.  (Docket No. 41, at 3, ¶ 5.)

9.    The commercial transactions involved in the two checks were for the sale of four motorcycles.  (Docket No. 41, at 3, ¶ 3.)

10.    Both documents, with check numbers matching those stolen from Westernbank, were deposited in the plaintiff's bank account at Eurobank but were not honored by Westernbank.

11.    Caribbean Marine's president called Westernbank to inquire whether the manager's checks were valid.  Westernbank refused to provide information, claiming that the information requested was privileged and that plaintiff should proceed to deposit the checks.  (Docket No. 41, at 4, ¶ 9.)

12.    Soon after refusing to honor the documents whose check numbers matched those stolen from Westernbank, the plaintiff reported the matter to the

CIVIL 10-1539 (PG) (JA)                    13

Puerto Rico Police Department, which filed criminal complaints numbers 08-1-182-12022 and 08-1-182-12023.  (Docket No. 41, at 3, ¶ 6.)

13.   The plaintiff wrote a letter requesting the total payment of both managers' checks on December 8, 2008.  (Docket No. 31-1, at 2, ¶ 6; Docket No. 46-1, at 3, ¶ 8.)

14.   The plaintiff received a response on February 9, 2009 from the Internal Legal Division of Westernbank, explaining that both checks were stolen, and that Westernbank would not honor the managers' checks.  (Docket No. 31-1, at 2-3, ¶ 7.)

15.   The plaintiff responded to the February 9, 2009 letter on February 17, 2009.  (Docket No. 31-1, at 3, ¶ 9; Docket No. 41, at 2, ¶ 9.)

16.   Westernbank responded to the February 17, 2009, dated March 10, 2009.  (Docket No. 31-1, at 3, ¶ 10; Docket No. 41, at 2, ¶ 10.)

17.   As part of the discovery in this case, FDIC, as receiver of Westernbank, produced copies of two newspapers clips mentioning the theft at Westernbank.  (Docket No. 41, at 4, ¶ 11; Docket No. 46-1, at 4, ¶ 11.)

18.   Neither of these newspaper articles mentioned in the preceding paragraph contains information indicating what items were allegedly stolen.  (Docket No. 41, at 5, ¶ 12; Docket No. 46-1, at 4, ¶ 12.)

CIVIL 10-1539 (PG) (JA)                      14

NEGOTIABLE INSTRUMENT

FDIC submits that summary judgment is proper, as Caribbean Marine does not satisfy its burden to have acted in good faith.  Nor does FDIC believe that Caribbean Marine satisfied its burden in proving that the signatures on the cashier's checks are accurate.  (Docket No. 31, at 7.)  Thieves stole two cashiers checks from Westernbank.  These checks were then used by two persons, who called themselves Roberto Rivera Cotto and Joaquín Balaguer Padilla, on November 14, 2008, and November 17, 2008.  Whether these were the parties responsible for the theft of the cashiers checks is irrelevant.[3]  These checks were made out to Caribbean Marine and signed by someone holding themselves out as working for Westernbank.  Caribbean Marine then endorsed these checks and deposited them in its account, whereupon Westernbank discovered the checks' true nature and subsequently denied payment.

The parties engage in unnecessary semantic warfare in their motions regarding the validity of the word "checks."[4]

---

[3]FDIC's ability to shield itself from paying would come from a defense, not from proving lack of ownership.  See P.R. Laws Ann. tit. 19, §§ 605-606.

[4]See, e.g., Docket No. 46-1, at 2, ¶ 2 ("The documents that the Plaintiff allegedly received as payment were not managers' checks issued by Westernbank; they were stolen and forged documents . . . . ").

CIVIL 10-1539 (PG) (JA)                    15

Under the Uniform Commercial Code and Puerto Rico Law,[5] Caribbean Marine is considered the Acceptor.[6]  FDIC is considered the Drawee,[7] Drawer[8] and Issuer[9] of the Cashier's Check.[10]  As neither party contests that Westernbank neither authorized nor endorsed the checks to Caribbean Marine, the latter has committed conversion of the checks.[11]  As FDIC did not authorize the checks, Caribbean Marine would have to qualify as a Holder in Due Course to attempt to claim ownership of the checks.  See P.R. Laws Ann. tit. 19, § 605(b) ("The right

_____

[5] Because the Puerto Rico Negotiable Instruments statute is modeled after the Uniform Commercial Code, I will undertake analysis and commentary on both. H.B. 1815, at 2-3, "Statement of Motive 208" August 17, 1995.

[6]An Acceptor "[m]eans a drawee who has accepted a draft." P.R. Laws Ann. tit. 19, § 503(1); U.C.C. § 3-103(a)(1).

[7]A Drawee "[m]eans a person ordered in a draft to make payment." P.R. Laws Ann. tit. 19, § 503(2); U.C.C. § 3-103(a)(4).

[8]A Drawer "[m]eans a person who signs or is identified in a draft as a person ordering payment." P.R. Laws Ann. tit. 19, § 503(3); U.C.C. § 3-103(a)(5).

[9]As relevant, "[a]n unissued instrument, or an unissued incomplete instrument that is completed, is binding on the maker or drawer, but nonissuance is a defense." P.R. Laws Ann. tit. 19, § 505(b); U.C.C. § 3-105(b).

[10]A Cashier's Check "[m]eans a draft with respect to which the drawer and drawee are the same bank or branches of the same bank." P.R. Laws Ann. tit. 19, § 504(g); U.C.C. § 3-104(g).

[11]An instrument "is . . . converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."  P.R. Laws Ann. tit. 19, § 670(a); U.C.C. § 3-420(a).

CIVIL 10-1539 (PG) (JA)                16

of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor . . . . ").  In order to determine whether Caribbean Marine has standing to demand payment, I must therefore determine if it is a Holder in Due Course.

In Puerto Rico, a Holder in Due Course is one who holds an instrument so long as:  (1) any forgery or alteration, if present, is not apparent or so obvious as to call into question its authenticity; and (2) the holder took the instrument (i) for value, (ii) in good faith, and without notice that the check (iii) is overdue or dishonored, (iv) contains an unauthorized signature, or (v) subject to any defenses.[12]  If ultimately proven, a Holder in Due Course may be entitled to recover even if the checks were forged.  U.C.C. § 3-302 cmt. 4 ("The primary importance of the concept of holder in due course is with respect to assertion of defenses or claims in recoupment (Section 3-305) and of claims to the instrument (Section 3-306).").

The parties agree that Caribbean Marine took the cashier's check for value. Additionally, FDIC submits that the stolen cashier's checks are not obviously forged on their faces, save for the respective signatures on the checks.

FDIC contends that Caribbean Marine does not meet its burden on three grounds:  first, that Caribbean Marine did not act in "good faith" under the

_____

[12]P.R. Laws Ann. tit. 19, § 602(a)(1)-(2); U.C.C. § 3-302(a)(1)-(2).

CIVIL 10-1539 (PG) (JA)                    17

statute; second, that the checks' signatures were forged; and third, that Caribbean Marine improperly failed to join two parties who are both necessary and indispensable.  I address each in turn.

GOOD FAITH

The parties spend considerable time in their papers discussing whether Caribbean Marine acted in "good faith" in accepting the stolen cashier's checks. (Docket No. 31, at 6-8; Docket No. 40, at 7-9; Docket No. 46, at 5-7.)  Good faith is defined in the Puerto Rico statute as "honesty in fact and the observance of reasonable commercial standards of fair dealing."   P.R. Laws Ann. tit. 19, § 503(a)(4); *accord* U.C.C. § 3-103(a)(6).

FDIC submits that the plaintiff failed in observing the "good faith" required to be considered a Holder in Due Course.  It points to Caribbean Marine's actions after the sale of the motorcycles, saying that "[s]ince the letter issued by Westernbank Puerto Rico on February 9, 2009 . . . the Plaintiff has had knowledge that the cashier's checks subject of this litigation were stolen and reported to the authorities as such[,]" and that in failing to provide to the defendant any information about the parties who cashed the check "prevent it from seeking refuge" under the statute.  (Docket No. 31, at 6.)

The plaintiff deflects this argument by evidencing its conduct in accepting the check.  Caribbean Marine "did not have notice that [the checks] had been

CIVIL 10-1539 (PG) (JA)                    18

stolen from [Westernbank]."   To the contrary, Caribbean Marine's president "called the bank to inquire about the status of the checks and was refused information ... [and] was instructed to deposit the checks in the plaintiff's account, which he did."  (Docket No. 40, at 9.)  The plaintiff thus concludes that "objectively, the plaintiff . . . negotiated the documents in 'good faith' pursuant to the applicable law."  (Docket No. 40, at 9.)  FDIC attempts to make this argument cut against Caribbean Marine, by surmising that there would be no reason for the president of Caribbean Marine to call Westernbank "to confirm if something is 'good' unless there is a doubt as to the same."  (Docket No. 46, at 6.)

        Both parties incorrectly attempt to ascertain Caribbean Marine's "good faith" by measuring its actions.  As stated, Puerto Rico statute defines "good faith" as "honesty in fact and the observance of reasonable commercial standards of fair dealing." P.R. Laws Ann. tit. 19, § 503(a)(4).  Other circuits have found that "the good faith requirement does *not* impose a standard of care but, rather, a standard of *fair dealing*." J. Walter Thompson, U.S.A., Inc. v. First Bankamericano, 518 F.3d 128, 139 (2d Cir. 2008) (first emphasis added) (citing Wachovia Bank, N.A. v. Fed. Reserve Bank of Richmond, 338 F.3d 318, 322-23 (4th Cir. 2003)).  "The good faith requirement incorporates standards of honesty and fair dealing but not

CIVIL 10-1539 (PG) (JA)                    19

of negligence."  <u>J. Walter Thompson, U.S.A., Inc. v. First Bankamericano</u>, 518 F.3d at 139.

At the summary judgment stage, FDIC "must point to evidence in the record indicating that [Caribbean Marine] acted in an unfair or dishonest manner, rather than in a negligent manner."  <u>Wachovia Bank, N.A. v. Federal Reserve Bank of Richmond</u>, 338 F.3d at 323.  FDIC has not provided me any evidence of Caribbean Marine's dishonesty.  Its only argument, that Caribbean Marine is culpable in failing to tell the police about the thieves, falls short of the requirement.  Even if ultimately proven as true, what FDIC alleges amounts to negligent acts, not willful dishonesty.  And since the "good faith" requirement explicitly does *not* require a duty of care, this flaw is fatal to FDIC's argument.  I recommend that the court find that FDIC has not met its burden in establishing that Caribbean Marine did not act in good faith.

FDIC also alleges that the forged signature on the cashier's checks was apparent.  It stresses two arguments in support:  first it concludes that "it is apparent" on both checks "that the signatures were false and/or fraudulent." (Docket No. 31, at 7.)  In what way these checks are obviously forged, it does not say.  A viewing of the cashier's checks does not lead to that conclusion.  A thorough viewing of the checks does not reveal an apparent forgery in the signature.  (Docket No. 46-2, at 3-6.)  Both checks contain signatures that, while

CIVIL 10-1539 (PG) (JA)                 20

illegible, do not indicate falsity.  Moreover, the context is important in determining obvious forgery.   Every other aspect of the check appears valid:   there is an obvious watermark, routing numbers, check number and what appears to be an official seal.  (Docket No. 46-2, at 3-4.)  Moreover, the checks were made out to Caribbean Marine in a professional manner.   FDIC does not indicate what is of obvious falsity on these checks.

Second, FDIC cites section 608, which states that "[i]f the validity of a signature is denied, the burden of establishing validity is on the person claiming it. . . . "  P.R. Laws Ann. tit 19, § 608(a).  It argues that, once invoked, the burden thus shifts to Caribbean Marine to affirmatively prove that the signature is valid.  (Docket No. 46, at 8.)  FDIC uses the statutory language to conclude that "the Plaintiff can not prove the validity of the signatures, thus, the purported check forms in question are invalid, null, void and nonnegotiable as a matter of law."  (Docket No. 46, at 8.)

Though FDIC is correct in pointing out that section 608 governs, the analysis is incomplete.  FDIC's claim that because the cashier's checks were stolen, that the signature is necessarily forged, is not sufficient to invoke the burden shifting at the summary judgment stage.  "[T]he signature is presumed to be authentic and authorized ... [and] until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required

CIVIL 10-1539 (PG) (JA)                    21

to prove that it is valid."  U.C.C. § 3-308 cmt. 1; <u>accord</u> <u>Inn Foods, Inc. v.</u> <u>Equitable Co-Operative Bank</u>, 45 F.3d 594, 597 (1st Cir. 1995)  (quoting U.C.C. § 3-307(1)(b)) ("Signatures on commercial instruments are 'presumed to be genuine or authorized.'")).  The Code goes on to say that "[this] presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon" and FDIC "is therefore required to make some sufficient showing of the grounds for [the] denial before the plaintiff is [required to introduce evidence.]"  This framework finds support at the summary judgment stage by Local Rule 56, which requires that "[e]ach fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule." <u>Local Rules, United States District Court for the District of P.R.</u> Rule 56(b).  Mere bald accusations at the summary judgment stage are insufficient to shift the burden onto Caribbean Marine to provide evidence that the signature is invalid. For those reasons, I recommend that the court deny FDIC's request for summary judgment premised upon Rule 508.

JOINDER

FDIC also alleges that Caribbean Marine failed to join the two parties who forged the checks, who they argue are necessary parties.  Under Federal Rule 19, a party *must* be joined if they are both necessary and indispensable.  "The burden [of proof] is on the party raising the defense to show that [this party] is needed

CIVIL 10-1539 (PG) (JA)                    22

for a just adjudication."  7 The Late Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 1609.

FDIC fails to make a claim that the missing parties are either necessary or indispensable.  "[A] party is necessary under Rule 19(a) only if they claim a 'legally protected interest' relating to the subject matter of the action."  United States v. San Juan Bay Marina, 239 F.3d 400, 406 (1st Cir. 2001) (citing Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).  FDIC's only argument in support is that these parties "are the only [ones liable] to the Plaintiff for the payment" of the cashiers checks.  (Docket No. 31, at 10.)  It makes a dramatic assumption[13] that will not be addressed as it is wholly unfounded and undeveloped.

CONCLUSION

For the reasons stated above, I recommend that FDIC's motion for summary judgment be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically

---

[13]FDIC alleges, without support, that "presumably Plaintiff's client are third parties who did not have to do with the break in and when they purchased both checks they paid for a negotiable instruments that lacks legal validity." (Docket No. 31, at 9.)

CIVIL 10-1539 (PG) (JA)                23

identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 4th day of April, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge